IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BUTCH OUSTALET, INC.**                                                **PLAINTIFF**

**VERSUS**                    **CIVIL ACTION NO.: 1:08cv1487LG-RHW**

**RAY ANTHONY LEGGETT**                                   **DEFENDANT**

**DEFENDANT'S MOTION TO DISMISS AND RESPONSE TO THE
PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF**

**COMES NOW**, the Defendant, Ray Anthony Leggett, by and through his attorney of record, La Quetta M. Golden, and files his Defendant's Motion to Dismiss and Response to the Plaintiff's Complaint for Injunctive Relief, and would show unto this Honorable Court the following, to-wit:

I.

**A. JURISDICTIONAL ARGUMENT**

The Plaintiff filed a *Complaint* for Injunctive Relief on or about December 18, 2008.[1] There was no underlying complaint attached to the injunctive relief application. Thereafter, the Defendant, Ray Anthony Leggett was served with a copy of the *Complaint* for Injunctive Relief on the same day. The Complaint alleged that this court has jurisdiction pursuant to 28 U.S.C. § 1331. Your Defendant asserts that this court does not have in re or in personam jurisdiction over his person. Your Defendant emphatically asserts that if this Court doesn't have in re or in personam jurisdiction over his person, then the court lacks jurisdictional power to enter a permanent or preliminary injunction against him.

---

[1] This Complaint for Injunctive Relief should have been styled as an Application for Injunction Relief. See Rule F.R.C.P. 65(a)

Therefore, the Court must first determine the issue of whether it has jurisdiction to hear this matter before it reviews the substantive claims in the Plaintiff's Application for Injunctive Relief.

In addition, the *Complaint* fails to specifically state which federal statutes, or federal regulations or United States Treaties, or Federal Common Law or United States Constitutional provision the Defendant has allegedly violated.  Since the Plaintiff has failed to state with specificity, which federal law the Defendant has allegedly violated then this *Complaint* for Injunctive Relief should be dismissed.

II.

**B.  PROCEDURAL DEFECTS**

Next, your Defendant asserts that the Complaint for Injunctive Relief is wholly deficient and fatally flawed.   The Defendant asserts that the Plaintiff has failed to file a Federal Complaint against him that would give him notice of the alleged federal violations that he has allegedly committed against the Plaintiff.  F.R.C.P. 65(a)(2) states in part as follow, to-wit:

> ....Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application...

In the case at bar, since the Plaintiff has failed to file a Complaint against the Defendant that specifically sets forth the alleged federal violations, the court cannot order a consolidation with the trial on the merits even if it wanted to do so.

Your Defendant asserts that the Plaintiff should have filed a federal Complaint against him which sets forth the alleged federal violations with specificity along with or prior to filing an application for Preliminary Injunction.

2.

Your Defendant asserts that the Plaintiff has failed to file a Federal Complaint against him because he hasn't committed any federal infractions against his employer.  Your Defendant asserts that he is the victim of intent and deliberate discrimination.  The Plaintiff has attempted to use Title VII federal statutes to justify the court having jurisdiction.  However, Title VII statutes are given for the employee to file discriminatory complaints against the employers.  Nowhere in the Application for Injunctive Relief did the Plaintiff asserts that the Defendant discriminated against him or his corporation.  Furthermore, the Plaintiff attempts to bring a Title VII claim that involves the Defendant that has not yet ripened.

  Next, your Defendant asserts that the Application for Injunctive Relief was not verified by his attorney.  The attorney of record should have signed a sworn statement asserting that the facts were true and correct and specifically stating the urgency or need for an injunction.  These requirements have not been met by the Plaintiff.   Nor were there any supporting affidavits attached to support the claims asserted in this document by anyone else.  For these reasons alone, the application is flawed and should be dismissed.

  The Plaintiff is seeking to restrain the Defendant from asserting his First Amendment Constitutional Right to take a Video to the media.  Thus, the Plaintiff should be held to the strict standards of F.R.C.P. 65 by showing unto this court a clear and convincing reason to restrain the Defendant.   Your Defendant asserts that the Plaintiff has procedurally failed to comply with such standards.

  The Plaintiff makes a bold statement that the Defendant reviewed the tape in question more than 20 years ago.  This statement is refuted by the Defendant.  The Plaintiff has failed to identify the person who made this claim.

The Plaintiff also failed to submit an affidavit to corroborate such claim. Such serious allegations in an Application for Injunctive Relief must be supported by credible evidence that is not speculative, based upon hearsay or conjecture.

Finally, your Defendant asserts that the Application for Injunctive Relief is defective because it is not supported by any affidavits. The application is a mere conclusion of settlement negotiations that did not resolve the Defendant's claims of racial and sexual discrimination in the workplace.

In fact, the Defendant's statute of limitation to file his EEOC claim does not expire until January 2009.

In addition, the Plaintiff was required by federal statute to post a bond. Pursuant to F.R.C.P. 65(c), the Plaintiff must give a security in such sums as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of the United States or of an officer or agency thereof.

In the case at bar, the Plaintiff has failed to post security nor did he request that such security be waived. The Plaintiff is neither an officer of the United States nor a member of the United States' agency. Therefore, the failure of the Plaintiff to post adequate security or bond requires dismissal of this Application for Injunctive Relief.
As a result of all of these procedural deficiencies, the Defendant asserts that the Application for Injunction must be dismissed.

IV.

Next, your Defendant asserts that the case should be dismissed because the court does not have in re jurisdiction over the issue of the tape. The Plaintiff wishes this court to make a determination of the tape which the court doesn't have jurisdiction powers to hear or make such determination. Therefore, the Plaintiff has failed to state a claim upon which relief can be granted. Although the Plaintiff has cited other federal employment statutes as it pertains to future litigation between these two litigants, these statutes aren't yet ripe and they are not properly before this court at this time.

Secondly, your Defendant asserts that he has a First Amendment Constitutional Right to proceed to the media. The Plaintiff has unfairly labeled the settlement negotiations as extortion or bribery tactics. Your Defendant asserts that he intends to file an EEOC charge of discrimination alleging racial and sexual discrimination in the workplace on grounds involving incidents with the tape and other evidence that will be presented at the proper time. When the lawsuit is ultimately filed, it will be pursuant to 42 U.S.C.A. §2000(e), 42 U.S.C.A.§ 1981 and pendent state law claims of defamation and emotional distress. Your Defendant will seek punitive damages and a possible class action certification. It is improper for the Defendant to discuss any portion of his federal claim at this time when he has not received his Right to File Suit Notice from EEOC. Your Defendant further asserts that his future federal claim is not yet ripe. Therefore, any discussion by the Plaintiff as to what they *think* they know or what they *believe* they can prove is absolutely speculative at this time. However, if the Plaintiff wishes to expedite and waive the federal requirement to file EEOC, then the Defendant stands ready to file a countersuit against the Plaintiff pursuant to the federal and state claims as cited herein.

It should also be noted that this Court has held in the matter of *Reginal Maye and John Brown vs. Chevron* that the Plaintiffs' constitutional right to freedom of speech of taking their cases before the media outweighed the Defendant's right not be embarrassed by the repeated publications of photographs showing the Chevron executives wearing Ku Klux Klan hoods bearing the Chevron emblem on the hoods during a company party.

In the case at bar, the Plaintiff's executives are seen on a Video using racially divisive and sexual statements, jokes, innuendoes against the Defendant, other employees and the public in general.  Now, the Plaintiff is requesting that this Court prevent the public's view of the Video so they won't be embarrassed.   In other words, the Plaintiff has committed a federal violation against the Defendant, but they don't want the public to know about the derogatory Video.  Your Defendant disagrees with the Plaintiff's and asserts his First Amendment Constitutional Right to show the tape to the public.    Based upon the foregoing reasons, the Application  for Injunctive Relief should be denied.

V.

**C.  SUBSTANTIVE ARGUMENT**

Next, your Defendant asserts that the Plaintiff cannot prove the four-prong test required to obtain a Permanent Injunction against him.  In *Brennan Inc. v.  Brennan*, 2008 U.S. Appeals (5th Circuit) 1742, case no.  07-60497, the court denied the application for a preliminary injunction.  The court further held that in order for an applicant to prevail on an Application for Preliminary Injunction, he must 1) show that there is a substantial likelihood of success on the merits of the case; 2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; 3) that the threatened injury outweighs any damage that the injunction might

6.

cause the Defendant and 4) that the injury will not disserve the public interest.  Also see, *Speaks v. Kruse,* 445 F. 3rd 396, 399-400 (5th Cir 2006)

On the first prong, the Plaintiff asserts that he could prevail on the merits of a Title VII claim because the statute of limitation has expired.  Yet, the Plaintiff failed to present any affidavits or other evidence to support this bold assertion.  The Court should not take any credence to this statement where it is unsubstantiated by affidavit or a sworn complaint.

Your Defendant further maintains that the burden is upon the Plaintiff to prove to the court that he would   prevail on the merits of the case.   The likelihood of success must be better than negligible.  Your Defendant asserts that the Plaintiff cannot survive this first prong because the likelihood of success is based upon an Application for Injunction Relief.  The Plaintiff has not yet filed the underlying Complaint to justify if an Application for Injunctive Relief is warranted.    The Defendant asserts that  an Application for an Injunction should be filed having attached  supporting affidavits.  Again, this was not done by the Plaintiff.   Therefore, based upon the lack of evidence and the bold unsubstantiated and unsupported statements made by the Plaintiff, this Application should be dismissed.

Additionally, your Defendant asserts that the Plaintiff has attempted to use the four-prong test on an Application for an Injunction.  Your Defendant asserts that the four-prong test should be applied to the underlying Complaint.  The issue is whether the Plaintiff will be successful on the claims asserted in an underlying federal complaint.  If so proven, then the first prong has been met.  However, in the case at bar, the Plaintiff has not  filed  the underlying Complaint.  Therefore, the Plaintiff is unable to prove any of the four prong test on the Application for an Injunction.  As a result said Application for Injunctive Relief should fail.

Finally, your Defendant asserts that once the Video is shown to a jury, the Plaintiff will not prevail on the merits of a Title VII claim of discrimination.

The second prong involves the threat against the Plaintiff. Your Defendant finds it amazing that the Plaintiff would argue that they would suffer great harm if the tape was released to the media. Yet, the Plaintiff has failed to offer this infamous tape to the court in an In Camera Proceeding. Your Defendant asserts that the reason why the Plaintiff has failed to offer this infamous tape to the Court for its perusal is based upon the outrageous and egregious nature of the tape. The Plaintiff is too embarrassed to show the tape to anyone, even unto the court. The Plaintiff wants this Court to shield him from public embarrassment and shame when his company's executives are publicly disgracing African-American customers, Asians, other employees, Louisianians as well as your Defendant. The Ford executives who are featured on this tape should not be allowed to offer inflammatory, discriminatory, offensive, vulgar, racial and sexual explicit statements and ask to hide behind the cloak of a permanent injunction. How can this court make a decision to permanently enjoin the Defendant from disseminating a Video when the court has not had the opportunity to review the substance of said tape?

Finally, when the Defendant files his federal Title VII lawsuit against the Plaintiff, he will seek damages in excess of 177 million dollars. Your Defendant believes that the tape that he has in his possession is more offensive and egregious than the tape in the Texaco case. That case yielded more than $176 million in a class action lawsuit and said contents of that tape discussed disdain against African-Americans referring to them by using a racial epithet and referring to them as black jelly beans. The tape that is in the possession of the parties far outweighs the mere racial animus that was displayed in the Texaco matter.

8.

Therefore, this Application for a Preliminary Injunction should be dismissed and the Defendant's constitutional right to free speech should not be abridged.

The third prong goes to balancing the inequities of the parties. The Plaintiff asserts that if the tape is shown to the public, he would be damaged economically. However, the Defendant asserts that if he is enjoined from disseminating the tape, he cannot effectively secure a class action status on a very important federal violation. If the Defendant is enjoined, he may not be allowed to discuss the tape with other potential litigants who are featured on the tape. Therefore, the necessity of possibly bringing forth a class action lawsuit against the Plaintiff far outweighs the claim that he has made upon this court. Even if the Court concludes that the Plaintiff can prove this third prong, the courts in Fifth Circuit have held that *all* four prongs must be met in order to obtain an injunction. See, *Guy Carpenter and Company vs. Anthony Provenale*, No 02-11239 decided June 17, 2003.

Thus, the future case of Anthony Leggett vs. Butch Outstalet, may develop into a class action lawsuit as well. There are so many people and classes of people and various employees discussed on this horrific tape that they may wish to come forward and join the Defendant in a class action lawsuit. Therefore, the fourth prong test cannot be satisfied. The tape is of public interest in that the Ford executives are using disparaging remarks against its own African American and female customers in which they serve.

V.

Your Defendant asserts that he has had to employ counsel to defend this Application and he is entitled to reasonable attorney fees for having to appear in court and to defend this Application for an Injunction. Therefore, your Defendant respectfully requests this Court to award him reasonable attorney fees assessed against the Plaintiff.

9.

**WHEREFORE, PREMISES CONSIDERED**, your Defendant seeks to dismiss the Application of Preliminary Injunction against him because this Court does not have in re and in personam jurisdiction against his person, for the Plaintiff's failure to state a cause of action for which relief could be granted, for the Plaintiff's failure to state a federal question, for the Plaintiff's failure to state a constitutional violation, for the Plaintiff's failure to prove any other federal violation  and for the Plaintiff's failure to provide unto this Honorable Court an Application for Injunctive Relief that has statutorily complied with F.R.C.P. 65.   Your Defendant further seeks reasonable attorney fees for having to defend said application. Your Defendant seeks any other relief as applied either general or specific.

Respectfully submitted on this the 22nd day of December 2008.

s/La Quetta M. Golden
Attorney

**PRESENTED BY:**

**LAW OFFICE OF
LA QUETTA M. GOLDEN
12311 ASHLEY DR., STE. D
GULFPORT, MS 39503
MS BAR NO.: 8580**
GoldensLaw@Bellsouth.net
**228.832.9111
228.832.9008 (FAX)**

11.

## **CERTIFICATE OF SERVICE**

The undersign hereby acknowledges that service has been made this day via e-filing to the following person:

>Doris T. Bobadilla, Esq
>1213 31st Ave.
>Gulfport, MS 39501

So certified on this the 22nd day of December 2008.

>s/La Quetta M. Golden
>Attorney for Defendant

11.